Enriqueta, Primitiva y Josefa Joglar Díaz; José, Rafael, Marcelino y Pilar Argüelles Joglar, herederos de José Joglar Díaz, demandantes y apelados, *v.* Gregorio Mariñelarena y Rafael Bernabe, demandados y apelados.

No. 4921.—*Sometido:* Abril 1, 1929.—*Resuelto:* Junio 20, 1929.

*M. Benítez Flores,* abogado del apelante Sr. Mariñelarena; *F. Soto Gras,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.
El 28 de julio de 1928, este tribunal resolvió que una de-

manda entablada a nombre de un finado era nula, y que la misma no podía ser enmendada substituyendo el nombre de los herederos. Esa decisión fué dictada en respuesta a una petición de *certiorari* presentada por Gregorio Mariñelarena y Rafael Bernabe, los allí demandados, para anular la actuación de la Corte de Distrito de San Juan al permitir la enmienda.

Los herederos del finado instituyeron entonces pleito de desahucio contra Gregorio Mariñelarena y Rafael Bernabe. La corte inferior resolvió que no procedía la demanda contra Rafael Bernabe, y dictó sentencia desalojando a Gregorio Marinelareña. Éste apeló, y el caso está ante nosotros mediante moción para desestimar el recurso.

El pleito de desahucio se basaba en la falta de pago de los cánones de arrendamiento. Es ley familiar que al interponerse la apelación en tales pleitos, los·cánones de arrendamiento deben ser consignados en la secretaría de la corte, o debe afianzársele su pago al demandante. De lo contrario, la apelación está sujeta a ser desestimada. Todos los cánones de arrendamiento que iban venciendo, a excepción de uno, fueron sin duda alguna consignados en una suma en conjunto. La suficiencia de la consignación correspondiente al primer plazo adeudado, o sea, el de enero de 1928, es la cuestión a resolver en este caso. El demandado y apelante dice, y subraya su aseveración, que los $135 correspondientes al mes de enero de 1928 no fueron incluidos en dicha suma total "porque ya estaba consignada en la corte el pleito anterior a disposición de los demandantes-apelados, y ellos sabían y les constaba que tal cantidad se encontraba allí a su disposición, según se deja alegado."

No nos detenemos a considerar extensamente si el dinero que ha sido consignado en un pleito instituido a nombre de una persona que ha fallecido podría dar a los demandantes el derecho de retirarlo. Ellos podrían confrontarse con la alegación de que el dinero así depositado no había sido en forma alguna consignado a su disposición, especialmente

en vista de que los demandados insistían en que los demandantes no tenían derecho a inmiscuirse en el litigio y a solicitar el derecho de enmendar la demanda.

Lo que si resolvemos es que el dinero depositado en una suma total o en un litigio que es nulo e ineficaz, no constituye un cumplimiento de la ley de desahucio. Los artículos 12 y 15 de la ley de desahucio leen así:

"Sección 12. No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación.

"Sección 15.—En las apelaciones interpuestas en juicios establecidos por falta de pago del canon estipulado, cualquiera que sea el estado del recurso, el demandante puede solicitar que se sobresea en el mismo, si el demandado no consignase en la secretaría del tribunal el importe de todos y cada uno de los arrendamientos que vayan venciendo."

El canon de referencia era el primero adeudado, y su consignación se hacía necesaria a virtud de la sección 12, y necesariamente debió hacerse con posterioridad a la sentencia. Hasta tanto se dicta sentencia, el demandado no tiene obligación alguna de efectuar la consignación. Por tanto, una consignación hecha en un pleito distinto o en conjunto en una fecha que sin duda alguna es anterior a la sentencia, no es un cumplimiento de la ley. Los demandantes no estaban más obligados a averiguar si se había hecho una consignación unos meses antes que a investigar si la misma se había efectuado años antes.

Si bien el estatuto no lo dice así en tales o cuales palabras, creemos que la consignación debe identificarse como perte

neciente a un pleito determinado. "Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación." Estas palabras difícilmente pueden referirse a una mera consignación indefinida o no identificada, sino que la "formalización" o la solicitud haciendo la consignación deben llevar el título del pleito pendiente. De todos modos, las palabras arriba copiadas demuestran que la consignación debe formalizarse "dentro del término concedido para la apelación," o sea, después de dictarse la sentencia. El demandado no puede anticipadamente pagar a la corte una suma de dinero para ser utilizada como una consignación en caso de que se dicte sentencia en su contra. Las secciones 12 y 15 en forma alguna prevén tal procedimiento, y el hecho de que haya habido un pleito anterior fracasado no puede ayudar al demandado.

El demandado y apelante no tenía derecho a depender de una consignación efectuada por virtud de un pleito que había sido declarado nulo e ineficaz, especialmente si esa nulidad fué el resultado de sus propias actuaciones.

*Debe desestimarse la apelación.*